UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAX E. JOSEPH,

               Plaintiff,

v.                                        Case No.  6:05-cv-1695-Orl-19DAB

STATE MUTUAL LIFE INSURANCE
COMPANY OF AMERICA, et al.,

               Defendants.
_____

## **ORDER OF DISMISSAL**

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff's allegations are difficult to decipher; however, he alleges, in relevant part, that Defendants "colluded to obtain privileged communications, examinations, treatments or diagnoses which were the sole property of and under the authority of Plaintiff."

The events about which Plaintiff complains appear to have occurred in 1981.[1] "Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." *Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987). "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." *Id.*

---

[1] "In an action proceeding under Section 1915(e), a federal court may consider sua sponte affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file. Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer." *Hicks v. Brysch*, 989 F. Supp. 797, 816 (W.D. Tex. 1997).

Since the Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years. § 95.11, Fla. Stat. (2001). Here, Plaintiff alleges that the constitutional violations occurred more than four years ago, and the Court finds that the applicable statute of limitations has run as to the instant action. Thus, this case should be dismissed as frivolous.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** as frivolous.

2. The Clerk of the Court is directed to close this case.

3. Plaintiff's Motion to Add (Doc. No. 5, filed December 8, 2005) is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Orlando, Florida this ___11th_____ day of December, 2005.

/s/ Patricia C. Fawsett
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 12/11
Max E. Joseph